**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Connie Denice Watson,

                    Plaintiff,        Case No. 26-10541

v.                              Judith E. Levy
                                   United States District Judge

Ajit Khubani,

                                Mag. Judge Anthony P. Patti
                Defendant.

_____/

**ORDER DISMISSING THE COMPLAINT WITHOUT**
**<u>PREJUDICE</u>**

On February 17, 2026, *pro se* Plaintiff Connie Denice Watson filed a complaint against Defendant Ajit Khubani and an application to proceed without prepaying fees or costs. (ECF Nos. 1, 2.)

Plaintiff claims she is a "Toy Inventor of Devices of Filling Balloons with Water and Tying a Knot of a Water Balloon and Tying a Knot of a Self Sealing Knot of Water Balloons of a Toy Set Kit of Making Water Balloons." (ECF No. 1, PageID.4.) She alleges that Defendant stole her idea for that invention. (*See id.* at PageID.2 ("The Defendant of Leader of Organization of Corporation Stole of Schemes of Theft of a Wrongful Link Connected as a Team Organizations of

Corporations Owners of Stealing of a Marketed Sell Claim of a Profit of doing Fraud . . .").)

Plaintiff is also a prolific filer. In the last year and a half, Plaintiff has filed 18 lawsuits against this and other Defendants with significantly similar or identical allegations regarding an alleged water balloon invention. *Watson v. Sikorcin*, No. 25-13511, 2026 WL 497793, at *1–2 (E.D. Mich. Feb. 23, 2026). On February 23, 2026, the Court enjoined Plaintiff from filing any new lawsuits or other documents without either paying the full filing fee or seeking and obtaining leave of court. *Id.* at *4–5.

Plaintiff filed the complaint and application to proceed without prepaying fees or costs before the Court's enjoinment order was issued. As such, the Court will screen her complaint without the requirements set forth in the order enjoining her.

## I. Legal Standard

Because Plaintiff has been granted permission to proceed without prepayment of the filing fee, the Court must screen her complaint to determine if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). "A complaint can be frivolous either factually or legally."

2

*Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not necessary, but the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se*

litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at \*1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. Analysis

Plaintiff's complaint is substantially similar to her recently dismissed amended complaint in *Watson v. Sikorcin*, No. 25-13511 (E.D. Mich.). As such, this complaint must be dismissed for failure to state a claim and as frivolous for the same reasons set forth in the Court's recent order, *Watson v. Sikorcin*, No. 25-13511, 2026 WL 497793 (E.D. Mich. Feb. 23, 2026).

Plaintiff's claims under 18 U.S.C. §§ 1001, 287, and 1028, which the Court has previously dismissed at least eight times, must be dismissed yet again because these criminal laws do not have a private right of action. *See id.* at \*3.

Next, Plaintiff's allegations are insufficient for a civil RICO claim. Plaintiff does not set forth sufficient, plausible factual allegations that Defendant was involved in any racketeering activity or "collection of an unlawful debt" pursuant to 18 U.S.C. § 1962. Plaintiff states that "The Defendant of Leader of Organization of a Corporation Stole Plaintiff

4

Invention of Wrongfully Filing a Patent of a Granted United Patent of a Claim of Plaintiff Invention of Using Plaintiff of Fraud." (ECF No. 1, PageID.6.) Her allegations are conclusory and difficult to understand. As such, Plaintiff has failed to set forth sufficient facts for a RICO claim.

In addition, Plaintiff's complaint must be dismissed because her complaint does not comply with Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) states that a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Plaintiff's complaint is repetitive and difficult to comprehend. Rule 8(a)(2) requires "a short and plain statement of the claim." Similarly, Rule 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." Although Plaintiff's current complaint is shorter than previous complaints, her complaints have not increased in clarity. Without such clarity, the Court is unable to conclude that the complaint

5

adequately puts Defendants on notice of the claims against them and, as such, the complaint is not viable. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002) ("Rule 8(a)'s express language [] requires simply that the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

As such, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915.

### III.  Conclusion

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: March 5, 2026          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager